**Affirmed and Memorandum Opinion filed January 7, 2020.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-18-00175-CR

**JESSE PHILLIP OCHOA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 2165174**

## MEMORANDUM OPINION

Appellant Jesse Phillip Ochoa contends the trial court erred in denying his motion to suppress officer testimony regarding horizontal gaze nystagmus (HGN) test results. A jury found Ochoa guilty of driving while intoxicated. We affirm.

Officer Cardero observed a vehicle with an expired registration and initiated a traffic stop. Appellant was driving and pulled over. After observing appellant, Cardero conducted field sobriety tests. Appellant contends that the trial court erred

in denying his motion to suppress Cardero's testimony regarding the HGN test because Cardero admitted he made a mistake in administering the test.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We afford almost total deference to the trial court's determination of historical facts, provided that those determinations are supported by the record. *State v. Woodard*, 341 S.W.3d 404, 410 (Tex. Crim. App. 2011). We review de novo the trial court's application of law to those facts. *Valtierra*, 310 S.W.3d at 447. When, as in this case, the trial court makes no findings of fact, we review the evidence in the light most favorable to the trial court's ruling and presume the trial court made implicit findings that support its ruling. *Id*. We will uphold the trial court's ruling if it is reasonably supported by the record and correct on any theory of law applicable to the case. *Id*. at 447-48.

Testimony concerning HGN test results is scientific evidence subject to the requirements of *Kelly v. State*, 824 S.W.2d 568 (Tex. Crim. App. 1992). *Emerson v. State*, 880 S.W.2d 759, 763 (Tex. Crim. App. 1994); *Plouff v. State*, 192 S.W.3d 213, 218 (Tex. App.—Houston [14th Dist.] 2006, no pet.). As scientific evidence, testimony concerning an HGN test must satisfy the admissibility standards of Texas Rule of Evidence 702. *Plouff*, 192 S.W.3d at 218. Rule 702 requires scientific testimony to be both relevant and reliable. *Id*. To be reliable, the evidence must be based on (1) a valid scientific theory; (2) a valid technique applying the theory; and (3) a validly applied technique on the occasion in question. *Id*. (citing *Kelly*, 824 S.W.2d at 572).

The HGN test involves passing an object such as a stylus, finger, or pen light in front of the suspect's eyes to test for intoxication. The purpose of the HGN test is to check for three clues in each eye—lack of smooth pursuit, distinct nystagmus

at maximum deviation, and onset of nystagmus prior to 45 degrees.[1] *McRae v. State*, 152 S.W.3d 739, 743 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). The HGN technique is applied properly when the officer follows the standardized procedures outlined in the DWI Detection Manual published by the National Highway Traffic Safety Administration. *Plouff*, 192 S.W.3d at 219. Slight variations in the administration of the HGN test do not render the evidence inadmissible or unreliable but may affect the weight to be given the testimony. *Id*.

Officer Cardero testified that he failed to comply with one requirement for HGN testing in the DWI Detection Manual—to check for lack of smooth pursuit by conducting two passes per eye. Despite this mistake, Cardero observed lack of smooth pursuit in each eye based on one pass. He also testified that the purpose of conducting multiple passes is "just to confirm what is being seen." He conducted the test as to the other four possible clues properly by making two passes per eye. Cardero observed six out of six clues of intoxication.

We need not decide whether Cardero's failure to test properly for lack of smooth pursuit by conducting two passes per eye was a slight variation in the administration of the HGN test because even if the trial court erred in admitting Cardero's testimony regarding the test, any error was harmless. Error in the admission of evidence constitutes nonconstitutional error, which we must disregard when it does not affect the substantial rights of the defendant. Tex. R. App. P. 44.2(b); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *Plouff*, 192 S.W.3d at 222. A substantial right is affected when the error had a substantial

---

[1] Nystagmus is an involuntary rapid oscillation of the eyes in a horizontal, vertical, or rotary direction. *Emerson*, 880 S.W.2d at 765; *Plouff*, 192 S.W.3d at 218. Horizontal gaze nystagmus (HGN) refers to the inability of the eyes to smoothly follow an object moving horizontally across the field of vision, particularly when the object is held at an angle of forty-five degrees or more to the side. *Plouff*, 192 S.W.3d at 218-19. Consumption of alcohol exaggerates nystagmus to the degree it can be observed by the naked eye. *Id*. at 219.

and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997); *Plouff*, 192 S.W.3d at 222.

The proper inquiry is to ask whether the trial court's error, if any, in allowing Cardero to testify about the HGN test results substantially swayed or influenced the jury's verdict. *See Plouff*, 192 S.W.3d at 222. In making this determination, we consider the objectionable testimony in light of the entire record. *See id*. (citing *Motilla v. State*, 78 S.W.3d 352, 355-56 (Tex. Crim. App. 2002)).

Officer Cardero observed a vehicle with an expired registration and initiated a traffic stop. Appellant was driving and pulled over. Cardero observed that appellant had slurred speech, a strong odor of alcohol, and red, glassy eyes. Appellant admitted that he had consumed 72 ounces of beer at a bar before driving. Cardero then conducted three field sobriety tests—HGN, walk and turn, and one-leg stand.

Cardero observed six of eight clues on the walk and turn test and two of four clues on the one-leg stand test. Cardero noted that appellant weighed 375 pounds, and these field sobriety tests involve balancing and might be more challenging depending on someone's physical characteristics. Cardero admitted that someone appellant's size is not a good candidate for the one-leg stand test, but officers still are allowed to perform it on someone appellant's size. Appellant consented to a breath test. Appellant's breath test results showed blood alcohol concentrations of .105 and .103, which are above the legal limit of .08.

Considering all the evidence in context, we conclude the trial court's error, if any, in admitting the testimony regarding the HGN test results did not affect appellant's substantial rights and did not have a substantial or injurious effect on the jury's verdict. *See id*. at 223. The HGN test was one of three tests performed in the field, all of which appellant failed. *See id*. Perhaps more importantly, appellant

admitted to drinking 72 ounces of beer before driving, and his test results showed blood alcohol concentrations well above the legal limit. We overrule appellant's sole issue.

We affirm the judgment of the trial court.


/s/    Frances Bourliot
Justice


Panel consists of Chief Justice Frost and Justices Jewell and Bourliot.

Do Not Publish — Tex. R. App. P. 47.2(b).